No. 32,103

LANTIE MAE FROST, *Appellee,* v. WYLIE KIRKPATRICK and CARRIE MAE KIRKPATRICK, *Appellants,* OLD LINE INSURANCE COMPANY, *Appellee.*

(41 P. 2d 719)

Opinion filed March 9, 1935.

*John W. Ross,* of Mankato, for the appellants.

*D. F. Stanley, L. E. Weltmer,* both of Mankato, and *Albert S. Johnston,* of Lincoln, Neb., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff sued to foreclose a second mortgage on real property. This mortgage was for $600, of which $240 had been paid. The holder of the first mortgage intervened to foreclose its mortgage. The trial court foreclosed both mortgages by an appropriate decree. Some of the defendants, owning interests in the land, have appealed.

The intervener's mortgage was for $8,000. It was executed and recorded and the mortgage registration fee of $20 was paid in September, 1927. The intervener alleged that no part of the principal had been paid; that there was accumulated unpaid interest; that it had been compelled to advance taxes on the real property and to pay a small abstract fee, all of which was secured by the mortgage. Defendants objected to the introduction of the mortgage in evidence for the reason it did not show that the registration fee for these accumulated items had been paid. This objection was overruled. Defendants then moved that the intervener be required to pay the registration fee for those accumulated items before foreclosure was decreed. This was denied. The sole point raised on this appeal is whether the court erred in those rulings.

The specific statutes involved are R. S. 1933 Supp. 79-3102, 79-

3103 and 79-3107. When the mortgage registration fee is paid in full at the time the mortgage is executed and recorded, as it was in this case, we do not understand these statutes require or contemplate that an additional registration fee shall be paid at the time of the foreclosure of the mortgage because of accrued items such as here involved, which were in fact secured by the mortgage.

There was no error in the ruling of the trial court and its judgment is affirmed.